Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Attorneys for Plaintiff CYNTHIA VASQUEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CYNTHIA VASQUEZ, | ) | CASE No. '16CV1294 BEN MDD |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT |
| | ) | |
| vs. | ) | |
| | ) | |
| MIDLAND CREDIT MANAGMENT INC, SENTRY CREDIT, INC and MIDLAND FUNDING, LLC., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**INTRODUCTION**

1.     Plaintiff Cynthia Vasquez, through her counsel, brings this action to challenge the acts of Midland Credit Management, Inc ("MCM"), Sentry Credit, Inc ("Sentry") and Midland Funding, LLC, ("Midland") (collectively, "Defendants"), regarding Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA").

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

Complaint

-1-

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 47 U.S.C. §227(b) (see *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012)), and 28 U.S.C. §1367 for supplemental state claims.

6. This action arises out of Defendants' violations of the Telephone Consumer Protection Act, 47 USC § 227 et seq., ("TCPA").

7. As Defendants are based in California, do business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper as Defendants are based in the County of San Diego, do business in the County of San Diego and the acts at issue took place in the County of San Diego.

## PARTIES

9. Plaintiff is a natural person, an adult, and resides in the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant Midland is a Delaware limited liability company, doing business in the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant MCM is a Kansas corporation, doing business in the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant Sentry is a Washington corporation, doing business in the state of California.

/ / /

/ / /

Complaint

13. At all times herein mentioned, Plaintiff is informed, believes, and on that basis alleges that at all times mentioned in this Complaint, Defendants were the agents, servants, and/or employees of their co-Defendants and in doing the things alleged in this Complaint were acting within the course and scope of said agency, authority, and employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. During the last four years, Midland's agent MCM called Vasquez's cellular telephone repeatedly, on Midland's behalf.

15. During the last four years, Midland's and MCM's agent Sentry also called Vasquez's cellular telephone repeatedly, on Midland and MCM's behalf.

16. The above telephone calls were made via an automatic telephone dialing system or systems ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. These ATDSs have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. At the time the prerecorded voice messages were received by Plaintiff on Plaintiff's cellular telephone, Plaintiff was present in the United States.

19. The telephone number Defendants MCM and Sentry called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Vasquez did not provide Midland, its agent MCM, or their agent Sentry with prior express consent to receive calls to her cellular telephone utilizing an ATDS or artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

22. The telephone calls by MCM, or its employees or agents, violated 47 U.S.C. § 227(b)(1).

/ / /

23. The telephone calls by Sentry, or its employees or agents, violated 47 U.S.C. § 227(b)(1).

24. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

25. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that: [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

26. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* At §§ 12-13.

**ALLEGATIONS SPECIFIC TO CERTAIN CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELEIF**
**(Knowing or Willful Violations of the TCPA)**

27. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

Complaint

-4-

28.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

29.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## SECOND CLAIM FOR RELIEF

### (Negligent Violations of the TCPA by Midland and MCM)

30.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

31.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

32.     As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

1. An award of $1,500.00 in statutory damages, jointly and severally against Midland and MCM, for each and every violation of the TCPA by MCM found to be knowing or willful, pursuant to 47 U.S.C. § 227(b)(3);

/ / /

/ / /

/ / /

Complaint

-5-

2. An award of $1,500.00 in statutory damages, jointly and severally against Midland and Sentry, for each and every violation of the TCPA by Sentry found to be knowing or willful, pursuant to 47 U.S.C. § 227(b)(3);

3. An award of $500.00 in statutory damages, jointly and severally against Midland and MCM, for each and every violation of the TCPA by MCM found to be merely negligent, pursuant to 47 U.S.C. § 227(b)(3)(B);

4. An award of $500.00 in statutory damages, jointly and severally against Midland and Sentry, for each and every violation of the TCPA by Sentry found to be merely negligent, pursuant to 47 U.S.C. § 227(b)(3)(B);

5. Such other and further relief this court may deem just and proper.

## JURY DEMAND

1. Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: May 27, 2016            /s/ Stephen G. Recordon
STEPHEN G. RECORDON
Attorney for Plaintiff

Complaint

-6-